UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **MADELEINE C. STODOLA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 2:05 CV 464 |
| | ) |
| **FINLEY & COMPANY, INC., et al..,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

Presently before the court is defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6). (*Defs.' Mot.*, docket # 8; *Defs.' Memo.*, docket # 9). Plaintiff has filed a response opposing defendants' motion (*Pl.'s Resp.*, docket # 10), and defendants have filed a reply in support of the motion to dismiss (*Defs.' Rep.*, docket #11). For the reasons stated below, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

I.       BACKGROUND

Plaintiff, Madeleine Stodola filed this action on December 28, 2005 against defendants Finley & Company, Inc. ("Finley"), Dennis Gill ("Gill"), and Allan Mills ("Mills"). Plaintiff alleges claims of gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and discrimination based on her disability the Americans with Disabilities Act ("ADA"). Plaintiff also alleges claims of fraud and

defamation under Indiana law. The following factual background is based on allegations made in the complaint.

Finley is a corporation with its principal place of business in Chesterton, Indiana. Finley owns and operates approximately twelve (12) Wendy's restaurants in Indiana. (Compl. ¶ 4). At all relevant times, Gill was the president of Finley, and Mills was the vice president and district manager of Finley. (Compl. ¶¶ 5-6). In November of 2003, plaintiff applied for a management position with Finley. (Compl. ¶ 7). Gills and Mills interviewed plaintiff for the position. (Compl. ¶ 7). Prior to accepting employment with Finley's, plaintiff expressed concern to Gill over her congenital eye condition which impairs her eyesight, and its implications for the tasks required on the prospective job. (Compl. ¶¶ 9-10). Plaintiff was particularly concerned about her inability to see orders displayed on Wendy's electronic display screens. (Compl. ¶ 10). Gill assured plaintiff that she need not be concerned, as the use of the screens was not essential to the job, but that nevertheless new larger screens would be installed eventually at all of Finley's locations. (Compl. ¶ 10). Plaintiff accepted employment with Finley as a co-manager and began work on November 24, 2003. (Compl. ¶ 7). Finley did not install the new larger screens until January 12, 2005. (Compl. ¶ 11). Until then plaintiff was unable to see the screens reporting the orders, and was not otherwise accommodated. (Compl. ¶ 11).

On several occasions plaintiff was disciplined for problems caused by her male co-workers or disciplined for problems which her male co-workers were not

reprimanded for. (Compl. ¶ 16 a-b, e). This occurred despite plaintiff's report to Gill and Mills that the male co-workers had caused the problems. (Compl. ¶ 16a). In addition, plaintiff was repeatedly passed up for general manager positions that were ultimately filled with males of less experience and education. (Compl. ¶ 16c). Finally, after plaintiff filed a discrimination charge with the EEOC, defendants took several actions with respect to plaintiff including: defendants transferred plaintiff to a very far Finley location (in Merrillville, Indiana), defendants assigned to plaintiff more late-night closing shifts than they assigned to any male co-manager, and defendants ultimately fired plaintiff. (Compl. ¶¶ 17-18).

Defendants move to dismiss plaintiff's Title VII and ADA claims as stated against Gill and Mills individually on the grounds that neither Title VII nor the ADA provide for personal liability. (*Defs.' Mot.* at 2). Defendants also move to dismiss plaintiff's fraud claims as against all defendants for failure to state a claim upon which relief may be granted as well as for failure to plead fraud with the particularity required under FED.R.CIV.P. 9(b). (*Defs.' Mot.* at 1-2).

II.     **ANALYSIS**

   A.     **Standard of Review**

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520

3

(7th Cir. 1990). The court will accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Horowitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001). A RULE 12(b)(6) dismissal is appropriate only where there is no set of facts consistent with the allegations of the complaint that could be proved which would entitle the plaintiff to relief. *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005).

The FEDERAL RULES OF CIVIL PROCEDURE generally follow a notice pleading approach, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2); however, allegations of fraud are subject to a heightened pleading requirement. Pursuant to FED.R.CIV.P. 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity." FED.R.CIV.P. 9(b). RULE 9(b) has be interpreted as requiring a claimant to "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff," *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). Put another way, RULE 9(b) requires "the who, what, when, and where of the alleged fraud." *Id*. RULE 9(b) must be read in conjunction with RULE 8 which requires a short and plain statement of the claim. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975). Thus, reading RULE 9(b) and RULE 8 together, a complaint for fraud must include the time, place and contents of the alleged fraud, but need not plead evidence.

**B.     Title VII and ADA claims**

Defendants challenge plaintiff's Title VII and ADA claims to the extent that they are stated against Gill and Mills in their personal capacities. (*Defs.' Mot.* at 2-3). Defendants argue that Gill and Mills cannot be held personally liable under Title VII or the ADA, and that therefore plaintiff's Title VII and ADA claims should be dismissed against these defendants. (*Defs.' Mot.* at 3). Plaintiff does not dispute this argument, but rather contends that she has not made her Title VII and ADA claims against either Gill or Mills personally and that therefore defendants' motion should be denied. (*Pls.' Resp.* at 2). Indeed neither Title VII nor the ADA contemplate personal liability, *see Sattar v. Motorola Inc.*, 138 F.3d 1164 (7th Cir. 1998); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); therefore, insofar as plaintiff's complaint can be interpreted as stating Title VII claims or ADA claims against either Gill or Mills in their personal capacities, defendants' motion to dismiss is granted.

**C.     Fraud**

Plaintiff sums up her fraud claims in the "Causes of Action" section of the complaint. She alleges that defendants made three "untrue" representations that she "relied on," including: (1) the use of display screens was not essential to plaintiff's job function, (2) plaintiff would not be assigned to Finley's Merrillville location, and (3) plaintiff would likely be promoted to general manager of one of Finley's restaurants. (Compl. ¶ 24). Plaintiff alleges that defendants "are thereby liable to [her] for fraud."

5

(Compl. ¶ 24). Defendants argue that plaintiff's allegations of fraud should be dismissed for failure to satisfy FED.R.CIV.P. 9(b) requirements, and because they are based on promises of future action or opinion, which are not actionable for fraud in Indiana. (*Defs.' Mot.* at 1-2).

### 1. RULE 9(b) Requirements

Defendants assert that plaintiff's complaint fails "to state all of the required elements for fraud under the laws of the state of Indiana with the required particularity of FED.R.CIV.P. 9(b)."[1] (*Defs.' Mot.* at 1). Contrary to defendants' suggestions, however, RULE 9(b) "does not apply to pleading the elements," *Neumann v. Carlson Envtl., Inc.*, 2006 U.S. Dist. LEXIS 26114, 10 n.8 (N.D. Ill. 2006); rather, as explained above, RULE 9(b) requires that a claimant identify who made the alleged misrepresentation, as well as the time, place, and content of the misrepresentation. *Uni\*Quality, Inc.*, 974 F.2d at 923. Plaintiff has complied with these requirements as to two of the three alleged misrepresentations.

Plaintiff has satisfied Rule 9(b) requirements for her fraud claims based on misrepresentations that (1) the use of display screens was not essential to her prospective job, and (2) plaintiff would not be transferred to Merrillville. That is, the

---

[1] Under Indiana law, the elements of actual fraud are: (1) a material representation of past or existing fact, (2) the representation was false, (3) the representation was made with knowledge or reckless ignorance of the falsity, (4) the complainant relied on the representation, and (5) the representation proximately caused the complainant's injury. *Precision Homes of Ind., Inc. v. Pickford*, 844 N.E.2d 126, 131 (Ind. Ct. App. 2006); *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004).

complaint states the month, place, and context of these misrepresentations, as well as the person who made the alleged misrepresentations. Plaintiff alleges that during a job interview in November 2003 at one of Finley's locations, Gill represented to plaintiff that the use of display screens was not essential to the job for which plaintiff was interviewing. (Compl. ¶¶ 9-10). Plaintiff further alleges that Gill assured plaintiff that her disability would not disqualify her from performing the functions of a co-manager. (Compl. ¶¶ 9-10, 24). These allegations therefore clearly identify the who, what, when and where of the alleged fraud, and therefore meet RULE 9(b) pleading requirements for fraud. *Uni\*Quality*, 974 F.2d at 923.

As to the representation that plaintiff would not be transferred to Finley's Merrillville location, plaintiff alleges that during an August 2004 meeting, Gill promised plaintiff that she would not be transferred to the Merrillville store. (Compl. ¶ 13). Thus plaintiff has again identified what the misrepresentation was, who made it, and where, and has therefore satisfied RULE 9(b) requirements as to this misrepresentation. *Uni\*Quality*, 974 F.2d at 923. Accordingly, defendants motion to dismiss plaintiff's fraud claims as to both the alleged misrepresentation that the use of the display screens was not essential to her prospective job, and the alleged misrepresentation that plaintiff would not be transferred to the Merrillville location is denied.

Plaintiff's complaint fails, however, to properly allege a claim for fraud based on the alleged misrepresentation that plaintiff would become general manager of one of Finley's stores. Plaintiff's complaint states only that "[p]laintiff contends that

7

Defendants hired her as a Co-Manager of one of Finley's stores and expected her to become a manager within six months." (Compl. ¶ 1). The complaint does not identify who made this representation, and when and where it was made. Therefore, this claim is not alleged in compliance with RULE 9(b) requirements for fraud allegations. *Uni\*Quality, Inc.*, 974 F.2d at 923. Accordingly, defendants motion to dismiss is granted to this extent, and plaintiff's claim of fraud based on an alleged misrepresentation that she would become general manager of one of Finley's stores is dismissed without prejudice. Plaintiff is hereby granted leave to amend her complaint **no later than June 15, 2006** to cure the defects in this claim if she can do so.

### 2. Promises of Future Actions and Opinions

Defendants argue that plaintiff's fraud allegations are based on promises of future actions and opinions which are not actionable in fraud under Indiana law. *Defs.' Memo.* at 2. As noted above, a claim for fraud under Indiana law must be based on the representation of a *past or existing* fact. *Precision Homes of Ind., Inc.*, 844 N.E.2d at 131. Indeed, "Indiana law has long barred claims for promissory fraud, i.e., claims that the defendant made a deliberately false promise to take future action and then broke the promise." *Plummer v. Consol. City of Indianapolis*, 2004 U.S. Dist. LEXIS 20251, 57-58 (S.D. Ind. 2004) (citing *Anderson v. Indianapolis Indiana AAMCO Dealers Advertising Pool*, 678 N.E.2d 832, 837 (Ind. App. 1997) ("Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed.") (citations omitted)). However, defendants' motion is incomplete on this

8

point, summarily asserting that "the allegations contained in paragraph twenty-four of the complaint seem to center on promises of future actions and opinions" and that as such they "are not actionable in fraud under Indiana law."[2] (*Defs.' Mot.* at 2). As such, the court declines to dismiss plaintiffs fraud claims on these grounds at this juncture.

Nevertheless a review of plaintiff's complaint reveals that some of plaintiff's fraud claims may in fact be subject to dismissal for failure to state a claim upon which relief can be granted. For example, the alleged representations that plaintiff would likely be promoted to general manager of one of Finley's restaurants,[3] and that plaintiff would not be assigned to the Merrillville location, appear to be promises of future actions (or inaction) which may not be actionable under Indiana law. The court therefore raises the issue now for briefing, as the parties have not fully addressed the viability of plaintiff's fraud claims in this regard. Accordingly, in the interest of providing the parties with the opportunity to be heard on the matter, as well as for the purposes of assisting the court in determining whether plaintiff's fraud allegations should in fact be dismissed, the court hereby orders briefing as follows. Plaintiff shall

---

[2] Plaintiff and defendants address this issue to some degree in their respective response and reply briefs, but not thoroughly enough for the court to determine the merits of their arguments. Specifically, plaintiff made arguments as to two of her complaint allegations, and defendant replied only as to one. The court feels that more of plaintiff's allegations may in fact be subject to dismissal and that the parties need to flesh out their arguments. The court therefore orders further briefing below.

[3] The court is mindful that it has dismissed this claim above because it was not plead with the particularity required by RULE 9(b). However, had the claim been plead with RULE 9(b) particularity, the court is not sure that it would in fact be actionable as a representation of a *past* or *existing* fact.

submit **no later than June 30, 2006** a brief explaining why *each* of her fraud claims, should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff shall specifically address whether each claim is based on a representation of a *past* or *existing* fact, and therefore actionable under Indiana law. Defendants shall file a response **no later than July 21, 2006**. The parties are shall address their positions *thoroughly* as to each claim, making sure to cite to applicable Indiana law.

III. CONCLUSION

For the foregoing reasons and in accordance with this order, defendants' motion to dismiss (docket # 8) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is hereby **GRANTED LEAVE TO AMEND** her complaint as instructed above. Plaintiff shall file an amended complaint **no later than June 15, 2006** if necessary.

It is **FURTHER ORDERED** that plaintiff shall submit a brief in accordance with this order **no later than June 30, 2006** and that defendants shall file a response to that brief **no later than July 21, 2006**.

**SO ORDERED.**

**ENTER:** June 6, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT