UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MADELEINE C. STODOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:05-CV-464-PRC |
| ) | |
| FINLEY & COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion to Strike Plaintiff's Belated Filings in Opposition to Defendant's Motion for Summary Judgment [DE 39], filed on February 8, 2008; and a Motion for Leave to File Papers Responding to Defendant's Motion for Summary Judgement [sic] *Instanter* [DE 40], filed by Plaintiff Madeleine Stodola on February 11, 2008.

**PROCEDURAL HISTORY**

On December 5, 2007, Defendants filed a Motion for Summary Judgment. Originally, January 7, 2008, was Plaintiff's deadline to respond to the Defendants' Motion for Summary Judgment. That deadline passed without Plaintiff filing a response. During a January 14, 2008, telephone conference, counsel for Plaintiff stated that he was unaware that Defendants had filed a Motion for Summary Judgment. Counsel for Plaintiff requested an extension of time in which to file a response. The Court granted counsel's request, to which Defendants agreed, and set February 4, 2008, as the deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment.

On February 4, 2008, Plaintiff filed a motion requesting a two (2) day extension of time up to and including February 6, 2008, within which to file her response to Defendants' Motion for Summary Judgment. The Court granted the motion. February 6, 2008, passed without Plaintiff filing a response. Plaintiff filed her response on February 7, 2008. Accompanying her response, Plaintiff filed a Notice of Plaintiff to the Court on Delay of Filing Papers Responsive to Defendants'

Motion for Summary Judgment, stating that her belated filing resulted from counsel's miscalculation of the amount of time that it took he and his staff to prepare the responsive filing.

Defendants now seek to strike the belated filing and Plaintiff requests leave of the Court to file the belated response. The Motions before the Court are now fully briefed.

## ANALYSIS

The Federal Rules of Civil Procedure, Rule 6(b) provides, "When an act may or must be done within a specific time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court held that the analysis of what constitutes "excusable neglect" is an equitable consideration, which should account for the circumstances surrounding the belated filing, including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (citation omitted); *see also Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). Further, the United States Court of Appeals for the Seventh Circuit found that "inattentiveness to the litigation is not excusable" and that "[m]issing a filing deadline because of slumber is fatal." *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996). Discussing the trial court's discretion in determining whether excusable neglect exists, the Seventh Circuit opined, "there is not a 'hard and fast' rule in this circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed 'excusable neglect.'" *Robb*, 122 F.3d at 361.

Here, three deadlines for Plaintiff to file her response to Defendants' Motion for Summary Judgment passed without a response being filed. However, the two prior deadlines were extended by Court order. Before the Court now is Plaintiff's failure to comply with the third, February 6, 2008, deadline. Counsel for Plaintiff states that he missed the February 6, 2008, filing deadline due

2

to miscalculation of the time necessary to complete a response brief. The Court finds that Plaintiff's stated reason for his belated filing does not constitute slumber, as it was contemplated in *Matter of Plunkett*. Instead, counsel represents to the Court that he was working on his response filing but failed to accurately calculate the amount of time necessary to produce a finished product. Of the four factors that the *Pioneer* Court set forth for consideration when evaluating excusable neglect, Plaintiff's belated filing only satisfies one factor, that the belated filing "was within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395. The Court finds counsel for Plaintiff's explanation to be excusable neglect for purposes of Federal Rule of Civil Procedure 6(b).

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Defendants' Motion to Strike Plaintiff's Belated Filings in Opposition to Defendant's Motion for Summary Judgment [DE 39], and **GRANTS** the Motion for Leave to File Papers Responding to Defendant's Motion for Summary Judgement [sic] *Instanter* [DE 40]. Plaintiff's response has already been docketed and need not be refiled. In addition, on February 13, 2008, Defendants' counsel, acting with due diligence, filed a Reply of Defendants to Plaintiff's Response to Defendants' Motion for Summary Judgment. The Defendants' Motion for Summary Judgment [DE 28] is thus now fully briefed and before the Court.

SO ORDERED this 20th day of February, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record